UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLEN ADKINS,

    Plaintiff,

v.                                        Case No:  2:14-cv-588-FtM-38DNF

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, an Illinois
corporation,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on Plaintiff Glen Adkins' Motion for Leave to Amend Complaint and Add Additional Defendant and for Remand (Doc. 8) filed on November 17, 2014. Defendant Allstate Fire and Casualty and Insurance Company filed a Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Add Additional Parties and for Remand (Doc. 9) on November 26, 2014.  For the reasons explained below, the Court recommends that Plaintiff's motion be **DENIED**.

    A review of the background of the case is in order.  According to Plaintiff, he was a patron at a restaurant and lounge name The Dek in Cape Coral, Florida on or about August 24, 2013. (Doc. 8 p. 1).  While at The Dek, Plaintiff was confronted by another patron in the restaurant who was accompanied by several other male patrons and seemed to be intoxicated and irate. (Doc. 8 p. 1).  Plaintiff asked employees of The Dek to escort him to his vehicle to avoid any altercation with these individuals. (Doc. 8 p. 1).  While Plaintiff was walking to his vehicle, he was hit by one of the individuals who negligently operated a motor vehicle on the premises of

The Dek. (Doc. 8 p. 1). Plaintiff suffered serious life threatening injuries which required immediate hospitalization and emergency care. (Doc. 8 p. 2). Plaintiff had an insurance policy with Defendant that provided $100,000.00 in underinsured/uninsured motorist coverage to Plaintiff at the time of the accident. (Doc. 8 p. 2).

On July 22, 2014, Plaintiff filed a Complaint (Doc. 3) in state court alleging a single uninsured/underinsured motorist claim. Defendant filed its Answer and Affirmative Defenses (Doc. 2) in state court on October 10, 2014. On October 14, 2014, Defendant removed this action to federal court on the basis of diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). Plaintiff is now requesting the Court to allow him to amend his complaint in order to add Dech Corp. (the owner of The Dek) as a non-diverse defendant and to remand the case back to state court. (Doc. 8 p. 3). The amended complaint includes two claims against Dech Corp. for negligence and negligent hiring and supervision. (Doc. 8-2 p. 4-5).

Federal Rule of Civil 15(a)(2) provides that the Court should "freely give leave" to amend a complaint "when justice so requires." Although the decision whether to permit an amendment is within the sound discretion of the court, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id*. "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman,* 371 U.S. at 182). Amendment is futile when the

complaint as amended is still subject to dismissal. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999).

As Plaintiff's amended complaint seeks to join a non-diverse defendant, it must be analyzed under 28 U.S.C. § 1447(e). Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, in determining whether to permit or deny joinder of a non-diverse party, a district court must either (1) deny joinder, or (2) permit joinder and remand the case to state court. *Ingram v. CSX,* 146 F.3d 858, 862 (11th Cir. 1998). As the court's decision to allow or deny joinder will affect the continuance of jurisdiction, the joinder of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. *Seropian v. Wachovia Bank, N.A.,* 2010 WL 2822195, at *3 (S.D. Fla. 2010) (citing *Hensgens v. Deere & Co.,* 883 F.2d 1179, 1182 (5th Cir. 1987)). "A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, 'should scrutinize that amendment more closely than an ordinary amendment' and should deny leave to amend unless strong equities support the amendment." *Linares v. Home Depot U.S.A., Inc.,* 2012 WL 1441577, at *2 (S.D. Fla. April 26, 2012) (quoting *Smith v. White Consol. Industries, Inc.,* 229 F.Supp.2d 1275, 1281 (N.D. Ala. 2002). In making its determination, a court should "balance the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits. *Hensgens*, 883 F.2d at 1182. Such factors to consider include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether

plaintiff will be significantly injured if amendment is not allow, and (4) any other factors bearing on the equities. *Id.*

In this case, the Court finds that Defendant's interest in maintaining the federal forum outweighs the interest of not having parallel lawsuits. Plaintiff provides no explanation why he chose not to name Dech Corp. as a defendant when he first brought this lawsuit on July 22, 2014, nor explains why he did not do so until after the case was removed to federal court, nearly three months after the action was brought. As Defendant notes, Plaintiff clearly knew the location of the bar where he was immediately prior to the alleged vehicle accident and there is nothing documenting an inability to identify the prior party for litigation. Given the timing of Plaintiff's request to add Dech Corp. as a party, it appears Plaintiff's motivation in bringing the instant motion is to destroy diversity jurisdiction. *See, e.g. Osgood v. Disc. Auto Parts, LLC*, 995 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013) (providing that "the timing and substance of the proposed amendment strongly supports a finding that Plaintiff's motivation is to destroy diversity jurisdiction.").

In addition, Plaintiff will not be significantly injured if his proposed amendments are not allowed. Again, as Defendant correctly notes, the claims as alleged are for separate actions to which Defendant and Dech Corp. do not share any joint liability or vicarious liability for one another's actions. Thus, any relief Plaintiff may obtain for his underinsured/uninsured claim in federal court will not prevent Plaintiff from pursuing negligence tort claims against Dech. Corp. in a state action. While maintaining a parallel lawsuit against Dech Corp. will cause Plaintiff to bear additional costs and time, the balance of equities nevertheless weighs in favor of this Court maintaining jurisdiction and disallowing amendment.

**IT IS RESPECTFULLY RECOMMENDED THAT:**

Plaintiff's Motion for Leave to Amend Complaint and Add Additional Defendant and for Remand (Doc. 8) be **DENIED**.

**Respectfully recommended** in Chambers in Fort Myers, Florida on December 15, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

Copies furnished to:

Counsel of Record
Unrepresented Parties